

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHLEEN MULLIGAN, an individual, | No.    16-56770 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:15-cv-00712-DDP-AJW |
| VICTORIA A. LIPNIC, Acting Chair of the United States Equal Employment Opportunity Commission, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,[**] District Judge.

Plaintiff Kathleen Mulligan appeals the District Court's grant of summary

judgment to the Defendant Victoria A. Lipnic, Acting Chair of the United States

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Equal Employment Opportunity Commission ("EEOC"), on Mulligan's failure to accommodate, retaliation, and hostile work environment claims. *See* 42 U.S.C. §§ 12203(a), 12112(a), (b)(5)(A), 2000e-2(a)(1), 2000e-3(a); 29 U.S.C. § 794a(2). We affirm.

Mulligan first contends that the EEOC should be estopped from many of its arguments, because the EEOC's administrative decisions, manual, and guidance contradict its positions here. The EEOC contends that there is no inconsistency and that Mulligan cannot establish estoppel in any event. Even assuming the EEOC's positions in its 2005 manual and 2002 guidance materially differ from its position in this case, the government would be barred by estoppel only if there were affirmative misconduct. This requires a showing of "affirmative misrepresentation or affirmative concealment of a material fact by the government." *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989) (en banc) (citation omitted). Inconsistency is not sufficient, and therefore the EEOC is not estopped.

Mulligan next argues that her failure to accommodate and retaliation claims were timely even though filed more than 45 days after the claimed adverse action. Retaliation and failure to accommodate claims are discrete claims that must be timely filed. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14

(2002) (retaliation); *Cherosky v. Henderson*, 330 F.3d 1243, 1246–47 (9th Cir. 2003) (failure to accommodate). Mulligan was required to consult an Equal Employment Opportunity ("EEO") Counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). She contends her delay may be excused because she learned later that retaliatory animus adversely affected her earlier accommodation requests. Nevertheless, she was required to bring her claims within 45 days of the alleged adverse employment action, not 45 days from when she became aware that the action was based on retaliatory intent. *See Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

The District Court did not err in *sua sponte* granting summary judgment on Mulligan's failure to accommodate claims that were timely, because the record was sufficiently developed, there was no genuine dispute of fact, and she had reasonable notice that the sufficiency of her claims would be at issue. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc).

Mulligan argues that she has established a prima facie failure to accommodate claim, but she has not shown that the EEOC intentionally discriminated against her. *See* 42 U.S.C. § 1981a(a); *Duvall v. County of Kitsap*,

260 F.3d 1124, 1138 (9th Cir. 2001) (citation omitted).  She acknowledges that some of her accommodation requests were eventually fulfilled, and there is no indication that the delays were the result of anything other than negligence.  As for the EEOC's failure to provide permanent staff to escort participants to Mulligan's hearings, Mulligan's request was speculative as she had not asserted that she could no longer perform that duty.  As for her request for assistance with taking notes during hearings, Mulligan had access to transcripts from the hearings, and she never explained what accommodation the EEOC should have provided her.  *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1115 (9th Cir. 2000) (en banc) ("An appropriate reasonable accommodation must be effective, in enabling the employee to perform the duties of the position."), *vacated on other grounds*, 535 U.S. 391 (2002).

Next, Mulligan claims that she has established a prima facie claim of retaliation.  Mulligan must show a causal link between her employer's action and her protected activity, but she has not alleged that the employees responsible for fulfilling her accommodation requests had any retaliatory motive.  *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  Mulligan's retaliation claims based on her allegations of her supervisor's profane remark and breach of her medical privacy are not actionable because they are based on only a limited

number of hostile remarks.  *See Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1189 (9th Cir. 2005) (collecting cases), *amended on other grounds*, 433 F.3d 672 (9th Cir. 2006).  Further, the record does not suggest that the supervisor revealed Mulligan's medical information.  And as for Mulligan's retaliation claim based on the EEOC's delay in reclassifying her position, she admittedly did not exhaust her administrative remedies.  *See Karamanos v. Egger*, 882 F.2d 447, 449–51 (9th Cir. 1989) (affirming dismissal of plaintiff's claims seeking review of agency's "reclassification decision on the ground that he failed to exhaust his administrative remedies").

Mulligan next asserts that we should for the first time recognize a *per se* theory for retaliation claims.  We decline to do so.  Such a theory would run counter to the principle that the "antiretaliation provision protects an individual not from all retaliation, but from retaliation that" is materially adverse to a reasonable employee.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006).

Finally, Mulligan asserts hostile work environment claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008.  For purposes of this appeal, we assume, without deciding, that a claim under the ADA may exist, but

5

Mulligan has not shown that she was discriminated against on the basis of her membership in a protected class under either statute. *See* 42 U.S.C. § 12112(a) (prohibiting discrimination "on the basis of disability"); 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination based on "race, color, religion, sex, or national origin"). Discrimination on the basis of prior EEO activity would constitute a claim for retaliation, not hostile work environment. *See* 42 U.S.C. §§ 12203(a), 2000e-3(a). Moreover, she cannot establish a pervasive or severe atmosphere sufficient to constitute an actionable hostile work environment claim. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) ("For . . . harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (citation, alterations, and internal quotation marks omitted).

**AFFIRMED**.